IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARCUS TYRONE BROADNAX,
 Petitioner,

vs.             Case No. 3:11cv347/LAC/EMT

SHERIFF DAVID MORGAN,
 Respondent.
_____/

## REPORT AND RECOMMENDATION

  Petitioner commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 (doc. 1).  Leave to proceed in forma pauperis has been granted (doc. 4).

  Petitioner is currently incarcerated awaiting sentencing in the Circuit Court for Escambia County, Florida, Case No. 2010 CF 002880A, on charges of robbery with a firearm (Count 1), aggravated assault with a deadly weapon (Count 3), and improper exhibition of a weapon (Count 4) (*see* doc. 1 at 2, 3).[1]  Petitioner claims he is being unlawfully incarcerated based upon the following
two grounds:

> Ground one:  I was never positively identified by any victim or never picked out of a photo line-up, but a co-defendant was.  I was caught in the area where armed robbery crime was committed and was said to fit the description of the suspect, but never was identified, although the officers fabrocated [sic] their reports saying that I was.  Note:  depositions that were taken in October will support my ground.

---

[1] According to the state court's electronic docket (a copy of which is attached), Petitioner was found guilty of those three counts, following a jury trial, on July 1, 2011, the same day he filed the instant habeas petition.  *See* http://www.escambiaclerk.com (follow "Online Public Records" hyperlink; then follow "Court Records" hyperlink; then search "Uniform Case Number" for "2010 CF 002880") (last visited August 9, 2011).  He is scheduled for adjudication and sentencing on those counts on August 30, 2011.  *Id.*  Petitioner is also scheduled for a jury trial on August 22, 2011, on charges of possession of a weapon by a convicted felon (Count 2) and tampering in a felony proceeding (Count 5) in the same case.  *Id.*

>Ground two:  There was nothing found on me or near me linking me directly to the robbery with a firearm.  I was arrested, but there was never any money, gun, or any items taken from the robbery found on me.

(*id.* at 3, 4).  Petitioner seeks a judgment of acquittal or dismissal of the charges, as well as financial compensation for financial losses caused by his unlawful arrest and incarceration (*id.* at 6).

It plainly appears on the face of the petition that Petitioner is not entitled to habeas relief in this court; therefore, the petition should be denied.  Pursuant to Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) and Samuels v. Mackell, 401 U.S. 66, 91 S. Ct. 764, 27 L. Ed. 2d 688 (1971), federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent a showing of:  (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised.  Hughes v. Attorney General of Florida, 377 F.3d 1258, 1263 (11th Cir. 2004) (citing Younger, 401 U.S. at 45, 53–54).  Subsequent decisions have refined Younger to state that the exceptions occur only when the prosecution is brought expressly to harass the defendant or otherwise in bad faith, or when the statute under which the defendant is charged is clearly and flagrantly unconstitutional.  *See* Trainor v. Hernandez, 431 U.S. 434, 447, 97 S. Ct. 1911, 1919, 52 L. Ed. 2d 486 (1977); Huffman v. Pursue, Ltd., 420 U.S. 592, 611, 95 S. Ct. 1200, 1212, 43 L. Ed. 2d 482 (1975); The News-Journal Corp. v. Foxman, 939 F.2d 1499, 1507–09 (11th Cir. 1991); Redner v. Citrus County, 919 F.2d 646, 650 (11th Cir. 1990).

Furthermore, irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith.  *See* Kugler v. Helfant, 421 U.S. 117, 123–25, 95 S. Ct. 1524, 1530–31, 44 L. Ed. 2d 15 (1975) (citing Younger, 401 U.S. at 46).  Irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief.  Younger, 401 U.S. at 53–54 (citing Watson v. Buck, 313 U.S. 387, 402, 61 S. Ct. 962, 967, 85 L. Ed. 1416 (1941)).  The Eleventh Circuit has emphasized the narrowness of the irreparable injury exception to the Younger doctrine.  *See, e.g.*, Butler v. Ala. Inquiry Comm'n, 245 F.3d 1257, 1265 (11th Cir. 2001) ("Also, while we today make no decision

about the constitutionality of Alabama's judicial canons, we doubt that Canon 7(B)(2) patently or fragrantly violates the Constitution 'in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'") (citation omitted); Kolski v. Watkins, 544 F.2d 762, 766 (5th Cir. 1977) ("The statute in this case, challenged as facially unconstitutional by the Petitioner, is certainly of questionable validity. But we certainly cannot say at this stage that this statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.' As in Younger, 'the possible unconstitutionality of a statute "on its face" does not in itself justify an injunction against good-faith attempts to enforce it . . . '") (citations omitted).[2]

In the instant case, Petitioner does not allege that his prosecution was brought to harass him or otherwise motivated by bad faith. Furthermore, Petitioner has failed to show that he is entitled to review under the "irreparable injury" exception. For example, he does not allege that the criminal statutes under which he is being prosecuted are "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." Moreover, an adequate alternative state forum exists for Petitioner to raise his claims, namely direct appeal of his conviction and post-conviction remedies.

For the aforementioned reasons, this court should refrain from assuming jurisdiction over Petitioner's claims.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (doc. 1) be **DISMISSED** without prejudice on the ground that the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) applies.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

Case No.: 3:11cv347/LAC/EMT

At Pensacola, Florida, this 9th day of August 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**